January, 1808.
Brevard, J.,
delivered the opinion of the court* To form a correct opinion in this case, ijt is necessary to inquire how the law upon this subject has stood in England, and what al* íei,at;ong jlave }jeen ma¿e by statutes there, and in this State. The writ oisci.fa., to revive a judgment in any personal action, did not lie at the common law. If the plaintiff did not sue out his execu-* tion within a year and day after judgment, he had no remedy but by a new action of debt upon his judgment. 2 Inst. 469. It was given by stat. West. 2, c. 45,13 Ed. 1. This statute is not made of force here expressly by the act of 1712 ; but it is recognized by sundry statutes which are in force, and therefore under a gen. eral clause in the act of 1712, and because the writ of sci. fa. is expressly mentioned in subsequent aets, as a process which may be used, the stat. of Ed. 1. must be regarded as in force. See the se* veral acts cited in the foregoing argument. A sci. fa., to revive a judgment in a personal action, is the continuation of an action, and is not an original action. It is brought for the purpose of en« forcing a judgment already obtained. 2 Cromp. by Sellon, 188. The intent of the writ is to give notice to the party to be affected by the judgment that it is meant to be enforced, and to affoyd him an opportunity of shewing cause why execution should not issue to enforce it. In England, the party must be regularly warned, or two nihils returned. The course of the Common Pleas, is that upon a recovery against the defendant, against whom the sci, fa. is issued, the plaintiff shall have execution upon one nihil returned. 2 Inst» 472. The return of nihil is, that the party is not to be found, and hath nothing by which he can be distrained. See Tidd’s Prac. Forms, 455. In England, the writ is directed into thea county where the original action was brought. See Pract. Reg. 2 vol* 498. For it is always presumed, that the party against whom the judgment was obtained, still resides there. Cro. Ja. 331. See Hob. 4. Yelv. 218. 2'Saund. 729. Note v. When the sheriff returns nihil the plaintiff must sue out an alias sci. fa. 4 Inst» 472. If he return nihil to the second writ, and defendants, or bail, do not appear, judgment shall go. Dyer, 168, 172. From these authorities we may conclude, that the writ of sci. fa. always issues, or is always intended to be issued to the sheriff of that county, or precinct, of which the defendant is an inhabitant, and that it is necessary the sheriff should return that he is not to be found, unless he can find him, and doth serve the process on him. When the defendant is served with process, or the return of nihil *209 Is duly made, the proceedings must be carried on in the court where the original action was prosecuted to judgment. Before the year 1789, the Court of Common Pleas in Charleston, was the only court of record in the State. The Circuit Courts, established by the act of 1709, were similar to the courts of Nisi Prius in Eng. land. The proceedings on sci. fa., therefore, it is presumable, in this State, were correspondent to the practice in England, until the act of assembly of 1789, which declares, that the several Circuit Courts shall be capable of exercising the same jurisdiction as the court in Charleston. Before the passing of this act, it seems reasonable to suppose, notwithstanding the record of the proceedings to judgment in an original action were filed and kept in Charleston,' and purported on their face to be a judicial proceeding in the court in Charleston, that a sci. fa. to continue that action, or to revive the judgment, so as that execution might be sued out thereon, issued, and went into the district where the original writ was served, to authorize a return of nihil. The only doubt on my mind, is, whether it is necessary to proceed on a sci. fa. in the same court where the original proceedings are of record, or whether the proceedings, may not be carried on in the district where the defendant resides, or was served with notice to shew cause. The act which dispenses with witnesses being present at the service of a sci. fa., seems to require a personal service. A personal service of a copy writ on a defendant, on sci. fa., has always been deemed necessary wheie the defendant can be found. If he is off the State, posting a rule at the court house door, seems to be authorized by the act of 1792.
The act of February, 1791, gives cognizance and jurisdiction to the Circuit Courts of Common Pleas of all civil pleas, or actions, in the several districts wherein the defendants may reside, be arrested, or taken by process, or warrant; and the same shall be heard, tried, and determined, at the said courts respectively. This act, and the act of 1721, P. L.- 117, which makes attested copies of all records, signed by the keeper of such records, as good evidence as the original themselves, seems to remove every objection to the prosecution of a sci. fa. in the district where the defendant may be resident, or served with process, although it should not be the same district where the record of the original' proceedings are kept; except this, that it would be attended with inconvenience, and, perhaps, mischief, to separate the proceedings. As the sci. fa. is considered a continuation of the same suit, it would appear most proper that the subsequent proceedings on the sci. fa. should be in *210 same court where the previous proceedings were had, and remain of record. All the proceedings in the suit would then be together, but it would expose defendants to great inconvenience in many instances where they might have a good defence. Yet this might be avoided by the plaintiff bringing debt on the judgment. I have no hesitation, however, in saying, that the return made in this case of two nihils, by the sheriff of Charleston district, when the plaintiff knew that the defendant was resident in Sumter dis. trict, was insufficient to authorize judgment on the sci. fa., and that the decision of the District Court of Charleston was proper.
Note. In K. B., in all cases there must be either one scire feci return, or two nihils. 8 Mod. 227. So also, in C. B. except where the sci. fa. is to revive a judgment against defendant himself, who was party or privy to the judgment, for there one sci. fa. returned nihil, is sufficient. Dy. 168, a. See 2 Saund. 72, 3, 3rd ed. in notes. If a sci. fa. be sued, and sheriff return two nihils, and execution is awarded, and defendant has a release, which he might have pleaded, to the sci. fa. he may relieve himself by audita querela, or by motion in court, if the fact be not disputed; but if the sheriff return scire feci, the defendant is estopped forever, and cannot take advantage of that matter, because he might have pleaded it. See the authorities cited in Williams’ edition of Saunders”' Reports, 2 vol. 72, v., in the notes. No damages for delay of execution can be given in a sci. fa., nor could costs, until 8 and 9, Wm. 3, c. 3.
January, 1808. Present, Ghimke,. Waties, Bay, Brevard, ■ and Wilds, Justices, Trezevant, J., absent, sick. Brevard, J., delivered the opinion of the whole court, in substance the same as the foregoing opinion. These points are to be considered settled ' by the determination. That the proceedings on sci. fa. must be in the same court where the proceedings on the original action are kept of record. That the writ of sci. fa. must be returnable to the court where such original proceedings are kept; and the sheriff to whom the writ of sci. fa. shall be delivered for service, shall be obliged to endeavor to serve the same, and shall return it to the court in which it is returnable. That the service must be persona],, if the defendant can be found. That if the defendant be off the State, the service must be by posting a rule at the court house door, as directed by act of assembly of 1792. It is not yet decided, that the return of nihil may not be proper where the defendant is resident in the State, but cannot be served personally.